UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

EDWARD AGHAI,                                    Civil Action No.:

                Plaintiff,

    -against-                                    **CLASS ACTION COMPLAINT**

WELTMAN, WEINBERG & REIS CO., L.P.A.,            **DEMAND FOR JURY TRIAL**

                Defendant.
----------------------------------------------------------------X

Plaintiff, EDWARD AGHAI ("Plaintiff"), by and through his attorneys, The Law Office of Alan J. Sasson, P.C., as and for its Complaint against the Defendant, WELTMAN, WEINBERG & REIS CO., L.P.A. (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act.

## PARTIES

2.      Plaintiff is a resident of the State of New York, residing at 2231 East 8th Street, Brooklyn, New York 11223.

3.      Defendant WELTMAN, WEINBERG & REIS CO., L.P.A. is a law firm duly organized and existing under the laws of the State of Ohio, with an office located at 965 Keynote Circle, Brooklyn Heights, Ohio 44131.

4.      The Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a(3).

5.     Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

8.     Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class").  Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

9.     This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

10.     The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

11.     The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

12.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

15.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

16.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

17.     A class action will permit a large number of similarly situated persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18.    Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19.    Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling:  (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

20.    Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **FACTUAL ALLEGATIONS**

21.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22.    Upon information and belief, Defendant, on behalf of a third-party, or itself as purchaser of the debt, began efforts to collect an alleged consumer debt from Plaintiff.

23.     Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by sending Plaintiff a letter dated May 25, 2013 (attached hereto as Exhibit "A").

24.     The aforementioned letter bore the letterhead of Defendant which letterhead identified Defendant as "Attorneys at Law."  The letter stated: "Please be advised that this law firm has been retained to collect the outstanding balance due and owing on this account to the current creditor referenced above."  It further stated: "This law firm is a debt collector attempting to collect this debt for our client."

25.     Defendant's letter and initial written communication with Plaintiff identified itself as a law firm but did not refer to any specifics with regard to any attorney at Defendant's firm who may have reviewed Plaintiff's file.

26.     On May 26, 2013, Defendant placed a telephone call to Plaintiff at telephone number 718 376 9497 and left a recorded voice message.

27.     Defendant's message was spoken by a female representative who identified Defendant as a debt collector calling to collect a debt and requesting a return call to 800 286 9403. Said message did not identify for whom the call was intended.

28.     The recorded greeting on Plaintiff's voice mail states, "You've reached the Aghai family; sorry we're not here but please leave us a message," indicating to callers that more than one person receives messages at that telephone number.

29.     Defendant's voice message was heard by Plaintiff's son, Avi Aghai. On May 29, 2013, Plaintiff's son telephoned the number provided by Defendant to discern whom Defendant was calling for debt collection purposes. Plaintiff's son was thus informed by a female representative of Defendant that the call was intended for his father.

## FIRST CAUSE OF ACTION
### *(Violations of the FDCPA)*

30.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

31.    15 USC §1692c(b) prohibits a debt collector from disclosing to third parties without permission from the consumer that the consumer is being contacted by a debt collector concerning a debt.

32.    The Defendant violated 15 USC §1692c(b) by revealing to the Plaintiff's son, Avi Aghai, that the Plaintiff was being sought by a debt collector about a debt.

33.    15 USC §1692 e – preface prohibits a debt collector from using any false, deceptive or misleading representation or means in the connection with the collection of any debt.

34.    The Defendant violated 15 USC §1692 e – preface by failing to include in its initial communication with client, the court mandated language informing Plaintiff that "no attorney with this firm has reviewed your case," and furthermore, by allowing its letterhead and references to itself as a law firm create the false impression that an attorney has played a significant role in the collection process and has had professional involvement in Plaintiff's matter.  Defendant's letter is a mass-produced dunning letter disguised as a notice of imminent legal involvement for the purpose of misleading the least sophisticated consumer into believing that the referenced matter is ripe for legal action.

35.    15 USC §1692 f-preface prohibits a debt collector from using any unfair or unconscionable means to collect a debt.

36.     Defendant's unfair use of legal references and letterhead to deliberately mislead recipients of their mass-produced letter, together with Defendant's unfair, unconscionable failure to inform Plaintiff that no attorney with their law firm has reviewed their case is in violation of 15 USC §1692 f-preface.  Defendant purposely included language which would unfairly alarm and intimidate Plaintiff into complying with its demand for payment by creating the false impression that an attorney had in fact exercised professional judgment and that their debt was ripe for legal action.

37.     As a result of Defendant's neglect and carelessness in leaving a telephone message on April 26, 2013 on a voice mail accessible to a third party stating that they were calling to collect a debt, and on May 29, 2013 revealing to a third party that the call was intended for Plaintiff, Plaintiff suffered shame and embarrassment and according to 15 USC §1692k(a)(1), Defendant is liable to Plaintiff for damages sustained because of Defendant's failure to comply with §1692 et seq. of Title 15 of the United States Code (the FDCPA) and other violations of the FDCPA.

## DEMAND FOR TRIAL BY JURY

38.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A.     For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B.     For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C.     For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D.    For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E.    A declaration that the Defendant's practices violated the FDCPA;

F.    For any such other and further relief, as well as further costs,

expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    New York, New York
          May 6, 2014

                        Respectfully submitted,


                        By:___/s/ Yitzchak Zelman_____
                        Yitzchak Zelman, Esq. (YZ5857)
                        Law Office of Alan J. Sasson, P.C.
                        1669 East 12th Street
                        Brooklyn, New York 11229
                        Phone:    (718) 339-0856
                        Facsimile: (347) 244-7178
                        *Attorney for the Plaintiff*  EDWARD AGHAI

To:    Weltman, Weinberg & Reis Co., L.P.A.
       965 Keynote Circle
       Brooklyn Heights, Ohio 44131

       *(Via Prescribed Service)*

       Clerk,
       United States District Court, Eastern District of New York

       *(For Filing Purposes)*